**<u>NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER</u>**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000005
23-JUN-2023
08:01 AM
Dkt. 50 SO**

NO. CAAP-22-0000005

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,

v.

PAUL H. STERN, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISON
(CASE NO. 3DTC-19-053119)

<u>SUMMARY DISPOSITION ORDER</u>
(By: Leonard, Presiding Judge, Hiraoka and Nakasone JJ.)

Defendant-Appellant Paul H. Stern (**Stern**) appeals from the December 16, 2021 "Amended Judgment and Notice of Entry of Amended Judgment" (**Judgment**) convicting Stern of driving without a license (**DWOL**) in violation of Hawaii Revised Statutes (**HRS**) § 286-102(b),[1] entered by the District Court of the Third Circuit (**District Court**).[2]

---

[1] HRS § 286-102(b) (2020) provides, in relevant part: "[a] person operating the following category or combination of categories of motor vehicles shall be examined as provided in section 286-108 and duly licensed by the examiner of drivers: (1) Mopeds . . . ."

"Operate" is defined under HRS § 291E-1 (2020) as "to drive or assume actual physical control of a vehicle upon a public way, street, road, or highway . . . ."

[2] The Honorable Kimberly B. Taniyama presided.

On appeal, Stern raises a single point of error: insufficiency of the evidence in that Plaintiff-Appellee State of Hawai'i (**State**) failed to adduce evidence that Stern was (1) the driver of the moped stopped by police on May 1, 2019, and (2) the person whose driver's license records were reflected in State's Exhibit 1.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Stern's contention as follows, and affirm.

When reviewing the sufficiency of evidence on appeal, the court applies the following deferential standard of review:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Kalaola, 124 Hawai'i 43, 49, 237 P.3d 1109, 1115 (2010) (alteration in original) (citation omitted). "Substantial evidence" is "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Id. (citation and internal quotation marks omitted). In a bench trial, the trial judge, as the trier of fact, "is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence." State v. Batson, 73 Haw. 236, 249, 831 P.2d 924, 931 (1992) (citation omitted).

**(1)** During a bench trial, the citing officer identified Stern, testified that he observed Stern operating a moped on May 1, 2019, and explained that he was able to identify Stern based on "many interactions in the past" and them "know[ing] each other." Stern did not object to the officer's

2

identification of him. The District Court found the officer's identification of Stern credible.

"It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999) (internal quotation marks, citation, and brackets omitted; block quote format changed).

On this record, and considering the evidence in the strongest light for the prosecution, see Kalaola, 124 Hawai'i at 49, 237 P.3d at 1115, there was substantial evidence that Stern was the operator of the moped.

**(2)** At trial, the officer identified Stern and testified that Stern told him he did not have a license, and that the officer obtained Stern's date of birth from a State and County "record management database," which provided Stern's date of birth. The District Court found the officer credible as to how he became familiar with Stern's date of birth.

The administrator for the Vehicle Registration and Licensing Division of the Department of Finance for the County of Hawai'i, which keeps records regarding licensing statuses in the ordinary course of business, testified that, prior to coming to court, she conducted an inquiry as to the licensing status of an individual named "Paul Stern" with the same date of birth provided during the officer's testimony, and generated a certified document containing the results of her inquiry. The administrator identified State's Exhibit 1 as the certified document containing the results of her inquiry. The District Court accepted Exhibit 1 into evidence without objection from Stern. The administrator testified that the individual in Exhibit 1 did not have a valid Hawai'i driver's license on May 1,

2019, and had a "Not Status" in the State of Pennsylvania, indicating a license suspension or revocation there.

The foregoing provided sufficient evidence for the District Court to make a reasonable and rational inference that Stern was the individual identified in Exhibit 1.  See Batson, 73 Haw. at 249, 831 P.2d at 931.

For these reasons, the December 16, 2021 "Amended Judgment and Notice of Entry of Amended Judgment," entered by District Court of the Third Circuit, is affirmed.

DATED:  Honolulu, Hawaiʻi, June 23, 2023.

On the briefs:

Jon N. Ikenaga,
Deputy Public Defender
for Defendant-Appellant.

Nathan A. Wersal,
Deputy Prosecuting Attorney
County of Hawaiʻi
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge